UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATIE LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08CV3547 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | Magistrate Judge Ashman |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, WALGREEN CO., by its attorneys, Lindner & Marsack, S.C., for its answer to Plaintiff's Complaint in the above-captioned case, states as follows:

### COMPLAINT ¶ 1

Lindsey is a fifty-four (54) year-old resident of the State of Illinois residing in Cook County at 7944 S. Whipple Street, Chicago, Illinois 60652.

**ANSWER:**   Defendant admits that its records reflect that Plaintiff Lindsey is 54 years old and that she resides at 7944 S. Whipple Street, Chicago, Illinois 60652, which is in Cook County, Illinois.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint, and therefore, denies the allegations.

### COMPLAINT ¶ 2

Defendant fashions itself as the nation's leading drugstore chain with locations all over the country and its corporate office located in the State of Illinois, County of Lake, at 200 Wilmot Road, Deerfield, Illinois 60015.

**ANSWER:**   Defendant admits that it is a owns and operates a chain of retail drug stores located throughout the United States, and that its corporate headquarters is located at 200

Wilmot Road, Deerfield, Illinois 60015, which is in Lake County, Illinois.  Except as specifically admitted, Defendant denies the assertions in paragraph 2 of the Complaint.

## COMPLAINT ¶ 3

The claims against Defendant are for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.

**ANSWER:**  Defendant admits that Plaintiff purports to bring claims against it for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, but denies that it has violated the ADEA in any manner affecting Plaintiff or in any other manner, and further denies that Plaintiff is entitled to any damages for the claims alleged in the Complaint.

## COMPLAINT ¶ 4

Jurisdiction is conveyed upon this Court for the ADEA claim by virtue of 28 U.S.C. § 1343 as this claim arises under the laws of the United States of America.

**ANSWER:**  Defendant admits that this action is purportedly based on a federal statute, but avers that it is unable to confer jurisdiction by admission.

## COMPLAINT ¶ 5

Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Lindsey's residence, the Defendant's business, and the events or omissions giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

**ANSWER:**  Defendant admits that venue is proper in this District.  Except as specifically admitted, Defendant denies the assertions in paragraph 5 of the Complaint.

## COMPLAINT ¶ 6

Lindsey re-alleges and incorporates as if fully set forth herein paragraphs 1 through 5 above.

**ANSWER:**  Defendant reasserts and incorporates its answers to paragraphs 1 through 5 of the Complaint as its answer to paragraph 6 of the Complaint.

**COMPLAINT ¶ 7**

Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Lindsey has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the State of Illinois Department of Human Rights ("IDHR"), pursuant to the requirements of the ADEA and the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

**ANSWER:**  Defendant admits that Plaintiff filed this action more than 60 days after filing the Charge of Discrimination with the Illinois Department of Human Rights that is attached to the Complaint as Exhibit A.  Defendant denies the remaining allegations in paragraph 7 of the Complaint and/or is without sufficient knowledge or information to form a belief as to their truth.

**COMPLAINT ¶ 8**

Lindsey has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B.

**ANSWER:**  Defendant admits that the EEOC issued the Notice of Right to Sue that is attached to the Complaint as Exhibit B.  Defendant denies the remaining allegations in paragraph 8 of the Complaint and/or is without sufficient knowledge or information to form a belief as to their truth.

**COMPLAINT ¶ 9**

In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated herein by reference.

**ANSWER:**  Defendant denies the allegations is paragraph 9 of the Complaint.

**COMPLAINT ¶ 10**

As a result of Defendant's discriminatory conduct, as aforesaid, Lindsey has been damaged in her career and has otherwise suffered monetary and non-monetary damage.

**ANSWER:**  Defendant denies the allegations is paragraph 10 of the Complaint.

**COMPLAINT ¶ 11**

Lindsey re-alleges and incorporates as if fully set forth herein paragraphs 1-10 above.

**ANSWER:**  Defendant reasserts and incorporates its answers to paragraphs 1 through 10 of the Complaint as its answer to paragraph 11 of the Complaint.

**COMPLAINT ¶ 12**

Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Lindsey's rights under the law and these acts constitute willful indifference to said rights.

**ANSWER:**  Defendant denies the allegations is paragraph 12 of the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    To the extent that Plaintiff has failed to satisfy the statutory and/or jurisdictional prerequisites to suit and/or to the extent that she seeks to base her claims on events occurring outside the applicable statute of limitations, such claims are barred.

3.    Plaintiff's claims for damages are barred to the extent that she has failed to make reasonable efforts to mitigate her damages, if any.

4.    Plaintiff's claim for liquidated damages is barred because Defendant has engaged in good faith efforts to comply with the ADEA, and Defendant denies that it acted with malice or reckless indifference to Plaintiff's rights.

**PRAYER FOR RELIEF BASED ON**
**DEFENDANT'S ANSWER AND DEFENSES**

Wherefore, Defendant requests that judgment be granted in its favor and against Plaintiff in the following manner:

1.    That the Complaint be dismissed in its entirety;

2.    That Plaintiff be ordered to pay Defendant's reasonable attorneys fees and costs incurred in defending this action;

3.    That Defendant be awarded such other relief as the Court may deem appropriate.

Respectfully submitted this 16th day of July, 2008.

WALGREEN CO.


By:  s/ Laura A. Lindner
                    One of Its Attorneys

Laura A. Lindner
LINDNER & MARSACK, S.C.
411 East Wisconsin Avenue
Suite 1800
Milwaukee, WI 53202
(414) 273-3910
(414) 273-0522 (facsimile)
llindner@lindner-marsack.com